# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| Blue Willow Inn Restaurant, Inc., et al., | ) | |
| | ) | Case Nos. 10-31267, 10-31269, 10-31270 |
| Debtors. | ) | and 10-31266 |
| | ) | |
| | ) | (Jointly Administered Under |
| | ) | Case No. <u>10-31267</u>) |
| _____ | ) | |

## <u>NOTICE OF HEARING</u>

**PLEASE TAKE NOTICE** that Wells Fargo Bank, N.A. (the "***Movant***") has filed its *Motion for Relief from the Automatic Stay* (the "***Motion***") and related papers with the Court seeking an order granting Movant relief from the automatic stay so that it can exercise its state law rights including, without limitation, foreclosure with respect to certain real property and personal property located in Walton County, Georgia.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **2:00 p.m.** on **August 1, 2011**, United States Courthouse and Post Office, 115 East Hancock Avenue, Athens, Georgia 30601.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the matter, then you or your attorney must attend the hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, it must be mailed or delivered so that it is received by the Clerk at least two (2) business days before the hearing, and you must attach a certificate stating

when, how and on whom (including addresses) you served the response. The address of the Clerk's office is: Clerk of the United States Bankruptcy Court for the Middle District of Georgia, 433 Cherry Street, P.O. Box 1957, Macon, Georgia 30202. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the stay remaining in place until the Court orders otherwise.

Dated: June 28, 2011.

 /s/ Gwendolyn J. Godfrey
E. Penn Nicholson (Georgia Bar No. 543400)
penn.nicholson@bryancave.com
Gwendolyn J. Godfrey (Georgia Bar No. 153004)
gwendolyn.godfrey@bryancave.com
Leah C. Fiorenza (Georgia Bar No. 940554)
leah.fiorenza@bryancave.com

BRYAN CAVE LLP
One Atlantic Center – Fourteenth Floor
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone:     (404)572-6600
Facsimile:     (404)572-6999

Counsel for Wells Fargo Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| Blue Willow Inn Restaurant, Inc., et al., | ) | |
| | ) | Case Nos. 10-31267, 10-31269, 10-31270 |
| Debtors. | ) | and 10-31266 |
| | ) | |
| | ) | (Jointly Administered Under |
| | ) | Case No. <u>10-31267</u>) |
| _____ | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW WELLS FARGO BANK, N.A. (the "***Bank***"), by and through undersigned counsel, and moves the Court pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure for an order authorizing relief from the automatic stay regarding certain property of the Debtors' estates, and in support thereof shows the Court as follows:

## JURISDICTION

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  The relief requested herein may be granted in accordance with the provisions of Sections 105(a) and 362 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4.  On July 20, 2010, Blue Willow Inn Restaurant, Inc. (the "***Restaurant***"), Blue Willow Gift Shop, Inc. (the "***Gift Shop***"), Blue Willow Inn Village, Inc. (the "***Village***"), and

Billie R. Van Dyke and E. Louis Van Dyke (together with the Restaurant, the Gift Shop, and the Village, the "***Debtors***") each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "***Petition Date***"). The Debtors' bankruptcy cases are being jointly administered pursuant to Bankruptcy Rule 1015.

5.     The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## A.     Magnolia Hall - the 1.2822 Acres.

6.     On June 13, 2007, E. Louis Van Dyke and Billie R. Van Dyke (collectively, "***Borrowers***") executed a promissory note in favor of the Bank in the original principal amount of $490,000.00 (the "***Magnolia Hall Note***"). A true and correct copy of the Magnolia Hall Note is attached hereto as Exhibit "1".

7.     The Magnolia Hall Note is secured by, *inter alia*, that certain Deed to Secure Debt and Assignment of Rents dated June 14, 2007, as recorded on June 15, 2007 in Deed Book 2743, Page 371, Walton County, Georgia Records (the "***Magnolia Hall First Security Deed***"). A true and correct copy of the Magnolia Hall First Security Deed is attached hereto as Exhibit "2".

8.     The Magnolia Hall First Security Deed grants the Bank a security interest in a circa 1910 Greek-Revival mansion converted to a special events venue located on 1.2822 acres at 147 North Cherokee Road, Social Circle (incorporated), Georgia 30025 ("***Magnolia Hall***") and the land on which it is located, as more fully described in the Magnolia Hall First Security Deed (Magnolia Hall together with the land on which it is located, the "***1.2822 Acres***").

9.      As further security for the Borrowers obligations to the Bank, the Magnolia Hall First Security Deed grants the Bank a security interest in any leases, rents, issues and profits of the 1.2822 Acres ("***Magnolia Hall Rents***") as more fully described in the Magnolia Hall First Security Deed.

10.      On October 9, 2008, Borrowers executed a promissory note in favor of the Bank in the original principal amount of $100,000.00 (the "***Line of Credit Note***").  A true and correct copy of the Line of Credit Note is attached hereto as <u>Exhibit "3"</u>.

11.      The Line of Credit Note is secured by, *inter alia*, that certain Deed to Secure Debt and Assignment of Rents dated October 9, 2008, as recorded on April 24, 2009 in Deed Book 3031, Page 147, Walton County, Georgia Records (the "***Magnolia Hall Second Security Deed***" together with the Magnolia Hall First Security Deed, the "***Magnolia Hall Security Deeds***"). A true and correct copy of the Magnolia Hall Second Security Deed is attached hereto as <u>Exhibit "4"</u>.

12.      The Magnolia Hall Security Deeds secure <u>all</u> obligations of Borrowers to the Bank, including all other obligations referenced in this Motion.

13.      As security for the obligations of the Borrower to the Bank as set forth in the Magnolia Hall Note and the Line of Credit Note: (i) the Restaurant executed guaranties in favor of the Bank dated October 2, 1995 and June 14, 2007 (the "***Restaurant's Guaranties***"), (ii) the Gift Shop executed a guaranty in favor of the Bank dated October 2, 1995 (together with the Restaurant's Guaranties, the "***Magnolia Hall Guaranties***").  True and correct copies of the Magnolia Hall Guaranties are attached hereto collectively as <u>Exhibit "5"</u>.

**B.      Blue Willow Restaurant, Village and Gift Shop - the 7.11 Acres.**

14.      On December 4, 2007, the Village executed a promissory note in favor of the Bank in the original principal amount of $2,875,000.00 (as modified, the "***Blue Willow Note***" together with the Magnolia Hall Note and Line of Credit Note, the "***Notes***").  A true and correct copy of the Blue Willow Note is attached hereto as Exhibit "6".

15.      The Blue Willow Note was executed in connection with that certain Construction Loan Agreement dated December 4, 2007 between the Village and the Bank (the "***Blue Willow Loan Agreement***") containing the agreement of the parties with respect to, *inter alia*, the use of the proceeds from the Blue Willow Note.  A true and correct copy of the Blue Willow Loan Agreement is attached hereto as Exhibit "7".

16.      The Blue Willow Note and the Blue Willow Loan Agreement are secured by, *inter alia*, that certain Deed to Secure Debt, Assignment of Rents and Security Agreement, dated December 4, 2007, executed by Louis and Billie Van Dyke and recorded in Deed Book 2844, Page 251, Walton County, Georgia Records (the "***Blue Willow Security Deed***").  A true and correct copy of the Blue Willow Security Deed is attached hereto as Exhibit "8".

17.      The Blue Willow Security Deed secures all obligations of the Village to the Bank, including all other obligations referenced in this Motion.

18.      The Blue Willow Note is further secured by that certain Assignment of Leases and Rents, dated December 4, 2007, executed by Louis and Billie Van Dyke and recorded in Deed Book 2844, Page 265, Walton County, Georgia Records (the "***Blue Willow Assignment of Rents***").  A true and correct copy of the Blue Willow Assignment of Rents is attached hereto as Exhibit "9".

19.     The Blue Willow Security Deed grants the Bank a security interest in 7.11 acres of land which includes a restaurant located in the Greek-Revival mansion; the adjacent gift shop, the Blue Willow Village and parking lot located immediately behind the restaurant and gift shop, an office building, and a small parcel of unimproved land (the "*.7.11 Acres*").

20.     Additionally, the Blue Willow Security Deed grants the Bank a security interest in furnishings, equipment, and other personal property located on or about the premises (the "***Blue Willow Personal Property***"), as more particularly described in the Blue Willow Security Deed.

21.     As further security for the Borrowers obligations to the Bank, the Blue Willow Security Deed grants the Bank a security interest in all present and future leases, subleases, licenses, occupancy agreements, rents, income, receipts, revenues, issues and profits for all or any portion of the 7.11 Acres ("***Blue Willow Rents***" together with Magnolia Hall Rents, the "***Rents***") as more fully described in the Blue Willow Security Deed.

22.     Specifically, the Blue Willow Assignment of Rents and the Blue Willow Security Deed grant the Bank a security interest in the Blue Willow Rents collected from the lease agreements between Borrowers (as landlord) and the Restaurant (as tenant); the rents collected from the lease agreement between the Borrowers (as landlord) and  the Gift Shop (as tenant); and any other lease agreement with a tenant paying rent for use of the 7.11 Acres and/or any improvements thereon.

23.     The Bank's properly perfected security interests in the 7.11 Acres, the Blue Willow Rents, and the Blue Willow Personal Property are evidenced by certain UCC-1 Finance Statements, filed on December 18, 2007 (the "***UCCs***").  True and correct copies of the UCCs are attached hereto as Exhibit "10".

24.     On or about April 30, 2009, the Restaurant, the Gift Shop and Louis and Billie Van Dyke (collectively "***Blue Willow Guarantors***") guaranteed all obligations of the Village to the Bank, (the "***Blue Willow Guaranties***").   True and correct copies of the Blue Willow Guaranties, are attached hereto collectively as Exhibit "11".

**C.     The Swap Agreement.**

25.     In connection with the Blue Willow Note, the Blue Willow Loan Agreement, and Blue Willow Security Deed, and as an independent obligation, the Village and the Bank entered into that certain ISDA Master Agreement, dated December 4, 2007, as evidenced by that certain Swap Transaction Confirmation dated December 14, 2007, with Reference Number 2252160 (collectively, the "***Swap Agreement***", together with the Notes, the Blue Willow Loan Agreement, the Magnolia Hall Security Deeds, the Blue Willow Security Deed, and the Blue Willow Assignment of Rents, the "***Loan Documents***").   The Swap Agreement is secured by the Blue Willow Security Deed.   A true and correct copy of the Swap Agreement is attached hereto as Exhibit "12".

**D.     Defaults.**

26.     Borrowers failed to pay the Line of Credit Note by its maturity date of October 31, 2009.

27.     On or about January 20, 2010, the Magnolia Hall Note was defaulted because of, *inter alia,* the Borrowers' and Magnolia Hall Guarantors' failure to pay the Line of Credit Note in full by its maturity date of October 31, 2009.

28.     Accordingly, as of January 20, 2010, the Magnolia Hall Note and Line of Credit Note were in default. No payment has been made on these notes since their default.

29.     The Blue Willow Note was defaulted on or about January 20, 2010 by virtue of, but not necessarily limited to, the Village's failure to pay principal and interest due under the Blue Willow Note.

30.     Accordingly, as of January 20, 2010, the Blue Willow note was in default. No payment has been made on this note since its default.

31.     The Village failed to make net interest payments under the Swap Agreement to the Bank when due and the Swap Agreement was terminated by Movant on April 2, 2010.


**E.     Acceleration and Demands.**


32.     On or about January 20, 2010, the Bank accelerated the indebtedness owed under the Notes and made demand for the amounts due thereunder, including statutory attorneys' fees due in accordance with the Notes and O.C.G.A. §13-1-11.  A true and correct copy of the Bank's demand is attached hereto as Exhibit "13".

33.     On April 2, 2010, the Bank terminated the Swap agreement effective April 6, 2010. True and correct copies of the (i) Notice of Early Termination of the Swap Agreement for the Event of Default and (ii) Notice of Amount Due Following Early Termination issued by the Bank are attached hereto collectively as Exhibit "14".

34.     The amount owed to the Bank under the Swap Agreement, as of the Petition Date, is $197,952.13, plus interest of $2,859.31, being a total of $200,811.44 (the "*Swap Balance*"). The Swap Balance is secured by the 7.11 Acres pursuant to the Blue Willow Security Deed.

35.     The principal amount due under the Magnolia Hall Note as of the Petition Date was of $456,194.33, plus interest of $15,927.03, plus late fees of $1,026.70, (totaling **$473,148.06**), plus interest, costs, and attorneys' fees continuing to accrue.

36.     The principal amount due under the Line of Credit Note as of the Petition Date was of $99,393.16, plus interest of $638.43 (totaling **$100,031.59**), plus interest, costs, and attorneys' fees continuing to accrue.

37.     The principal amount due under the Blue Willow Note as of the Petition Date was of $2,087,124.99, plus interest of $27,417.41, plus fees of $4,708.57 (totaling **$2,119,250.97**), plus interest, costs, and attorneys' fees continuing to accrue.

38.     The total amount due under the Loan Documents as of the Petition Date is $2,893,242.06.

39.     The amounts due under the Loan Documents were not paid and remain owing as of the date of this Motion.

40.     On or about July 1, 2010, the Bank exercised its right to demand all Rents accruing on the 1.2822 Acres and the 7.11 Acres.  On July 1, 2010, the Bank also duly noticed the Debtors of its intent to initiate foreclosure proceedings against the Debtors pursuant to the Loan Documents.  However, before the Bank could begin collecting the Rents or the foreclosure proceedings, the Debtors filed bankruptcy.  A true and correct copy of the Bank's demand for Rents and foreclosure notice letter is attached hereto as Exhibit "15".

41.     Thirteen (13) days before the date set for the 1.2822 Acres and the 7.11 Acres foreclosures, the Debtors filed the instant bankruptcy proceeding, thereby forestalling the Bank's foreclosure efforts.

## ARGUMENT AND CITATION OF AUTHORITY

42.     By this Motion, the Bank requests relief from the automatic stay to exercise its rights under the Loan Documents and state law, including, without limitation, the right to foreclose on the 1.2822 Acres, the 7.11 Acres and the Blue Willow Personal Property (collectively hereinafter, the "*Property*") and to confirm under O.C.G.A. §44-14-161 any real property foreclosure sale.

43.     The Bank should be granted relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code, which provides that the Court shall grant a party relief from the automatic stay with respect to a stay of an act against property if (i) the debtor does not have any equity in such property and (ii) the property is not necessary to an effective reorganization. See 11 U.S.C. § 362(d)(2).

44.     In the alternative, the Bank should be granted relief from the automatic stay under Section 362(d)(1), which provides that the Court shall grant a party relief from the automatic stay for "cause", including those circumstances when the debtor cannot provide such party with adequate protection of its property interest.  See 11 U.S.C. § 362(d)(1).  Cause has been defined to mean any reason whereby a creditor is receiving less than its bargain from a debtor and is without a remedy because of the bankruptcy proceeding.  In re Martens, 331 B.R. 395, 398 (8th Cir. 2005) (citing In re Food Barn Stores, Inc., 159 B.R. 264, 266 (Bankr. W.D. Mo. 2004).

## The Automatic Stay Should Be Lifted Under § 362(d)(2)
## Because The Debtors Have No Equity In The Property

45.     At the outset, the Borrowers stated in their Schedules that the fair market value of the 1.2822 Acres was $860,000.00 and that the fair market value of the 7.11 Acres was $2,690,000.00 [D.I. # 1].[1]  Subsequently, however, in the Debtors' Application To Employ King Industrial Realty, Inc. as Their Real Estate Broker ("***Debtors' Application to Employ***") [D.I. # 94], the Debtors' reduced the value significantly, listing the 1.2822 Acres for $539,000.00, a decrease of more than 37% from the scheduled value, and listed the 7.11 Acres for $1,354,900.00, a decrease of more than 49% from the scheduled value.  Thus, in total, the Debtors' most recent valuation for the Property securing the Debtors' obligation of $2,893,242.06 to the Bank is $1,893,900.00.

46.     It further appears that even the reduced valuations are overly optimistic. The Bank shows that the 1.2822 Acres, including Magnolia Hall, is not worth more than $475,000.00 in its current condition. The value of the Magnolia Hall – a special events facility – is badly in need of repairs and maintenance, including the front columns, kitchen area, and landscaping. The lack of maintenance has no doubt contributed to the fact that the facility has not been rented in two years.  As reflected in its statement of financial affairs and current operating reports, the Debtors do not have the resources to rehabilitate Magnolia Hall.

47.     Similarly, the Bank shows that the 7.11 Acres is not worth more than $1,315,000.00 in its current condition.  The area in which the Restaurant and Village are located is considered to be a marginal-to-adequate location for a well conceived real estate development, which the 7.11 Acres, as configured, is not. The Restaurant is located in a converted home in

---

[1] In order to calculate the value Borrowers' attributed to the 7.11 Acres in the Borrowers' Schedules, the Bank added together the values Borrowers' set forth for the Village and Restaurant and the Office.

average condition, with a less-than-ideal setup for a restaurant. Additionally, the Village is located behind the Restaurant and it has minimal to no visibility to the passing public. Moreover, the Restaurant's kitchen is in need of major upgrading, and the Debtors do not have the resources to fund this capital expenditure.

48. Pursuant to the Loan Documents, the Bank has a claim against the Debtors' bankruptcy estates in an amount not less than $2,893,242.06, plus applicable interest, attorneys' fees, and penalties continuing to accrue, all of which is secured by the 1.2822 Acres and the 7.11 Acres. Thus, even if the Debtors' current listing price of $1,893,900.00 were to be realized, the Debtors' still have no equity in the Property being short by approximately $1,000,000.

49. The Bank also holds a line of credit secured by Mr. and Mrs. Van Dyke's home that had a balance as of the Petition Date of approximately $93,000.00, plus interest, fees, and attorneys' fees continuing to accrue (the "***Home Loan***"). The Loan Documents and the Home Loan are cross-collateralized and cross-defaulted. Mr. and Mrs. Van Dyke's home is appraised for $275,000.00. Therefore, even if the full appraisal price were realized, the Van Dyke's net equity in the home of approximately $180,000.00 would bring the value of the Debtors' assets securing the Bank's loans to $2,073,000.00 ($1,893,000.00 plus $180,000.00). Thus, the Debtors would still be $820,000.00 short of having any equity in the commercial property, based upon the Debtors' own estimates.

50. Inasmuch as the Debtors' concede that the value of the Property is substantially less than the amount of the secured debt, the Bank is entitled to relief from the automatic stay unless the Debtors can show that the property is necessary for a reorganization reasonably in prospect.

**The Debtors Cannot Demonstrate that the Property
is Necessary for an Effective Reorganization Reasonably in Prospect**

51.     Once lack of equity in the property is established, the burden shifts to the debtor to demonstrate that the property is necessary to an effective reorganization reasonably in prospect. See, e.g., Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1313 (5th Cir. 1985). See U.S. Sav. Ass'n. of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375 (1988) (to prevail against the movant, the debtor must do more than show high hopes; it must be able to show a reasonable prospect for a successful reorganization within a reasonable time). The reorganization must be realistically possible, and the mere fact that the property might be indispensable to the debtor's survival is insufficient. See In re Timbers of Inwood Forest Associates, Ltd., 808 F.2d 363, 370-71 (5th Cir. 1987) (en banc), aff'd, 484 U.S. 365 (1988); In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984). The Debtor's inability to meet this requirement is evident for several reasons.

52.     First, at the time of filing this Motion, the Debtors have not proposed a plan of reorganization, the exclusivity period having been extended three times.

53.     Second, the Property is not generating sufficient cash flow to meet monthly operating expenses, so there is no ability to pay down its debts to the Bank. In the monthly operating reports filed on June 17, 2011, the Restaurant shows a net income loss of $51,819.37; the Village shows a net income loss of $73,394.05; and the Gift Shop shows a net income loss of $51,007.55, an estimated total of $176,420.97 for the ten months following Debtors' Petition Date.

54.     Third, the Debtors inability to operate profitably is further evidenced by the Georgia Department of Revenue (the "***Department***") claims filed on May 12, 2011 against three

of the Debtors.  The Department claims are: against Billie R. Van Dyke in the total amount of $226,048.80; against the Restaurant in the total amount of $134,740.57; and against the Gift Shop in the total amount of $14,322.97.  See The Georgia Department of Revenue's Objection to Debtors' Motion for Authorization to Sell Debtor Billie R. Van Dyke's Interest in Real and Personal Property ("*Objection*") [D.I. # 128].  In addition, according to the same filing by the Department, the Restaurant has failed to pay post-petition trust fund taxes and the Restaurant filed, but did not pay, its sales and use tax liability for December 2010.  See Objection.

55.     Fourth, the Debtors have been in default under the Loan Documents since at least January 2010 when the Bank accelerated the Loan Documents and made demand for full payment.

56.     For the foregoing reasons, it is highly improbable that the Debtors will be able to propose an effective, confirmable plan of reorganization.  There being no equity in the Property and the Debtors being unable to carry their burden as to a plan reasonably in prospect, the Bank should be given the opportunity to protect its interest in its collateral by a grant of relief from the automatic stay.  See In re Richardson Group, Inc., 107 B.R. 353, 356 (Bankr. M.D. Fla. 1989); In re Endrex Exploration Co., 101 B.R. 474, 476 (N.D. Tex. 1988).  Accordingly, the Bank requests that the Court lift the automatic stay to allow it to continue foreclosure efforts with respect to the 1.2822 Acres and the 7.11 Acres and to confirm any foreclosure sale.

**The Automatic Stay Should Be Lifted For Cause Under § 362(d)(1)
Because The Bank Is Not Adequately Protected**

57.     Once the Movant makes a *prima facie* case that cause exists to lift the stay, the burden shifts to the debtor to show that the collateral is not declining in value or that the secured creditor is adequately protected.  See, e.g., In re George, 315 B.R. 624, 628 (Bankr. S.D. Ga.

2004); In re Wrecclesham Grange, Inc., 221 B.R. 978, 980 (Bankr. M.D. Fla. 1997); In re Kleibrink, 346 B.R. 734, 760 (Bankr. N.D. Tex. 2006); In re Abdul Muhaimin, 343 B.R. 159, 169-70 (Bankr. D. Md. 2006).

58.     While the term "adequate protection" is not defined in the Bankruptcy Code, Section 361 provides three (3) examples of adequate protection in the context of a motion for relief from the automatic stay.  Those are: (i) cash payments on a periodic basis; (ii) additional or replacement liens; or (iii) arrangements which guarantee a creditor the indubitable equivalent of its interest in the collateral.  See 11 U.S.C. § 361.

59.     As to cash payments, the Debtors are unable to service their debt to the Bank and have offered no other arrangement to provide the Bank the equivalent of its interest in the collateral.

60.     Further, the Debtors have been unable to make their minimal adequate protection payments to the Bank.  On March 23, 2011 the Court entered an order authorizing the Debtors' use of cash collateral and obligating the Debtors, *inter alia*, to pay to the Bank by the 15th of each month $10,000.00 as partial adequate protection for the Debtors' use of such cash collateral (the "***Cash Collateral Order***") [Doc. No. 111].  On June 17, 2011, the Debtors made their May 15, 2011 payment a month late and their June 2011 payment was also late.  Accordingly, the Bank does not consent to the Debtors' continued use of its cash collateral showing Debtors have not met their burden under §362(d)(1).

61.     Moreover, the Bank has a security interest in the Rents collected from the use of any premises located on the 7.11 Acres and the 1.2822 Acres.  Upon information and belief, it appears Louis and Billie Van Dyke failed to collect Rents due from the Restaurant and Gift Shop as required under the Restaurant's and Gift Shop's lease agreements.  See Restaurant's Monthly

Operating Report [D.I. # 147]; Gift Shop's Monthly Operating Report [D.I. # 56], and Borrower's Monthly Operating Report [D.I. # 46].  Thus, the Debtors' inability to collect the Rents further jeopardizes the Bank's security interest.

## Immediate Relief from the Automatic Stay is Appropriate

62.     As to an arrangement guaranteeing the Bank the indubitable equivalent of interest in the collateral, the Debtors lack the reserves with which to offer such collateral.

63.     Under the instant circumstances, the Bank further requests that the Court grant relief from the stay and waive the fourteen-day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure thereby granting relief from the automatic stay to become effective immediately.

**[remainder of page intentionally left blank]**

**WHEREFORE**, the Bank respectfully requests that the Court enter an Order:

1.     Lifting the automatic stay to allow the Bank to exercise its rights under the Loan Documents and state law including, without limitation, the right to foreclose on the 1.2822 Acres and the 7.11 Acres and the Personal Property and to confirm under O.C.G.A. §44-14-161 any foreclosure sale;

2.     Waiving the fourteen-day waiting period imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

3.     Granting such other relief as is appropriate.

Respectfully submitted, this 28th day of June 2011.

/s/ Gwendolyn J. Godfrey
E. Penn Nicholson (Georgia Bar No. 543400)
penn.nicholson@bryancave.com
Gwendolyn J. Godfrey (Georgia Bar No. 153004)
gwendolyn.godfrey@bryancave.com
Leah C. Fiorenza (Georgia Bar No. 940554)
leah.fiorenza@bryancave.com

BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street
Atlanta, Georgia 30309-3488
(404) 572-6600 Telephone
(404) 472-6999 Facsimile

Counsel for Wells Fargo, N.A.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing *Motion for Relief from the Automatic Stay* and *Notice of Hearing* was served by depositing a copy of same in the United States mail, in a properly addressed envelope, with sufficient postage affixed thereon addressed to the parties on the attached Service List.

This 28th day of June 2011.

/s/ Gwendolyn J. Godfrey
E. Penn Nicholson (Georgia Bar No. 543400)
penn.nicholson@bryancave.com
Gwendolyn J. Godfrey (Georgia Bar No. 153004)
gwendolyn.godfrey@bryancave.com
Leah C. Fiorenza (Georgia Bar No. 940554)
leah.fiorenza@bryancave.com

BRYAN CAVE LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street
Atlanta, Georgia 30309-3488
(404) 572-6600 Telephone
(404) 472-6999 Facsimile

Counsel for Wells Fargo, N.A.

# SERVICE LIST

Blue Willow Village, Inc.
c/o Patsy R. Joiner, Registered
Agent
294 North Cherokee Road
Social Circle, GA  30025

Brandy V. Clark
2150 Old Madison Hwy
Monroe, GA 30655-7661

Blue Willow Inn Gift Shop, Inc.
c/o Patsy R. Joiner, Registered Agent
294 North Cherokee Road
Social Circle, GA  30025

Business Card
c/o Corporate Officer
Post Office Box 15710
Wilmington, DE 19886-5710

Blue Willow Inn Restaurant, Inc.
c/o Patsy R. Joiner, Registered Agent
294 North Cherokee Road
Social Circle, GA  30025

Charles E. Shy
343 Cherry Street
Social Circle, GA 30025-6901

Martha A. Miller
Martha A. Miller, P.C.
2415 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601

Cherilyn Brodnax
819 Rosewood Lane
Monroe, GA 30656-7031

Recovery Management Systems
Corporation
c/o Norma Eliot, Registered Agent
400 South Dadeland Boulevard
Suite 605
Miami, FL 33156 US

Christopher D. Green
PO Box 883
Social Circle, GA 30025-0883

Advanced Disposal Services
c/o Geoffrey S. Gavett, Registered Agent
Suite 180
15850 Crabbs Branch Way
Rockville, MD 20855

Citibank South Dakota NA
c/o Corporate Officer
4740 12th Street
Urbandale, IA 50323-2402

Allen-Smith Consulting
c/o Debra B. Smith, Registered Agent
405 Nunnally Farm Road
Monroe, GA  30655

Citibank South Dakota NA
c/o Ken Stork, President
701 East 60th Street N
Sioux Falls, SD 57104

Do Over Consignment
c/o Kathleen Miller, Owner
304 Village Circle
Social Circle, GA 30025

Citibank
c/o Vikram Pandit, CEO
399 Park Avenue
New York, NY  10022

Georgia Cities Foundation
c/o Jim Higdon, Registered Agent
201 Pryor Street
Atlanta, GA 30303

Commercial Appliance Parts and
Service, Inc.
c/o Tina Reese, Registered Agent
8416 Laurel Fair Circle
Suite 114
Tampa, FL  33610

Georgia Department of Community Affairs
c/o Mike Beatty, Commissioner
60 Executive Park South
Atlanta, GA  30329

Consolidated Copiers Service, Inc.
c/o Corporate Officer
303 Parker Road
Suite G
Conyers, GA 30094-5984

Georgia Department of Community Affairs
c/o Frank Turner, Jr., Chairman
Greer, Stansfield & Turner
1118 Conyers Street Southwest
Covington, GA  30014

Cozzini Brothers
c/o Norton N. Gold, Registered Agent
55 East Monroe Street
Chicago, IL  60603

Georgia Department of Community Affairs
c/o Mike Beatty, Commissioner
60 Executive Park South
Atlanta, GA  30329

Dana M. Chaney
80 Hollingsworth Road
Covington, GA 30016-5034

Georgia Department of Community Affairs
c/o Frank Turner, Jr., Chairman
Greer, Stansfield & Turner
1118 Conyers Street Southwest
Covington, GA  30014

David Malcom
2675 Hester Town Road
Monroe, GA 30655-7632

Lou's Soda Fountain & Grille
c/o Patsy R. Joiner, Registered Agent
294 North Cherokee Road
Social Circle, GA  30025

Desmenia Papathopulos
3100 Davis Academy Road
Rutledge, GA 30663-2769

Office of U S Trustee
c/o Robert G. Fenimore
Elizabeth A. Hardy
440 Martin Luther King Jr Blvd
Suite 302
Macon, GA 31201-7987

Devaris R. Pitts
PO Box 511
Social Circle, GA 30025-0511

One Georgia Authority
c/o Ms. Nancy Cobb, Executive Director
1202-B Hillcrest Parkway
Dublin, GA 31021-3062

Diane Hannah
43 Oartridge Court
Monticello, GA 31064-8715

One Georgia Authority
c/o Tiffany Y. Lucas
40 Capitol Square, SW
Atlanta, GA 30334-9057

Dominick P. Stella
1041 Green Street
Conyers, GA 30012-5450

Stone Appraisal Services, Inc.
c/o William P. Stone, III, Registered Agent
112 Bold Spring Avenue
Monroe, GA  30655

Donnie S. Shelton
662 South Cherokee Road
Social Circle, GA 30025-4630

Patricia Malcom
Walton County Tax Commissioner
303 South Hammond Drive
Suite 100
Walton County Gov. Bldg.
Monroe, GA 30655-2907

Dorothy I Floyd
1302 Tree mountain Pkwy
Stone Mountain, GA 30083-6708

Ken W. Little
Chairman Walton County Board of
Commissioners
303 South Hammond Drive
Suite 330
Monroe, GA 30655

Elizabeth M. Butler
1431 N. Cherokee Road
Social Circle, GA 30025-4013

Leta Talbird
Walton County Clerk
303 South Hammond Drive
Walton County Gov. Bldg.
Monroe, GA 30655

Elton Wright
735 River Cove Road
Social Circle, GA 30025-4806

Winking Willow, Inc.
c/o Kris Bray, Registered Agent
120 Fairplay Street
Rutledge, GA 30663

Finch Electric, Inc.
c/o Beverly Elaine Finch, Registered
Agent
2551 Bradley Gin Road
Monroe, GA  30656

Internal Revenue Service
Insolvency Division
PO Box 21125
Philadelphia, PA  19114-032
5

Flower Mill Greenhouse & Nursery
c/o Crenan Mills, Owner
662 Wildwood Drive
Social Circle, GA 30025-292

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

Funseeker's Network, Inc.
c/o Patricia Ann Ainsworth,
Registered Agent
333 Trotters Ridge
Lawrenceville, GA  30043

Internal Revenue Service
Post Office Box 51126
Philadelphia, PA 19114


Internal Revenue Service
Insolvency Unit
401 West Peachtree Street
Stop 335-D
Atlanta, GA 30308-3539


United States Attorney General
Main Justice Building
10th and Constitution Avenue
Washington, D.C. 20530


U.S. Attorney
Middle District of Georgia
Civil Division, Attn: Civil Clerk
Gateway Plaza
300 Mulberry Street
4th Floor
Macon , GA 31201


The Handkerchief House
c/o Thompson of Hundson Ohio, Inc.
c/o Helen Thompson, Registerd Agent
Post Office Box 268
Hudson, OH 44236


Thompson of Hundson Ohio, Inc.
c/o Helen Thompson, Registerd Agent
Post Office Box 268
Hudson, OH 44236


AMIA
Blair Cedar and Novelty Works, Inc.
c/o John Blair, Registered Agent
680 West Hiwghway 54
Camdenton, MO 65020


Adstick Custom Labels
c/o Print Technology Corporation
c/o John J. Kiernan, Registered Agent
9910 West 82nd Avenue
Arvada, CO 80005


Georgia Municipal Association
c/o Jim Higdon, Registered Agent
201 Pryor Street
Atlanta, GA 30303


Gracie Mathis
PO Box 385
Social Circle, GA 30025-0385


Hall's Fresh Produce, Inc.
c/o David S. Kelley, Registered Agent
2109 Davis Street
Covington, GA 30014


Heritage Service Group
c/o A. Dale Bloom, Registered Agent
1000 Standard Federal Plaza
200 East Main Street
Fort Wayne, IN 46802


Ida L. Norrington
PO Box 2632
Covington, GA 30015-7632


James E. Harp
270 Pitts Chapel Road
Newborn, GA 30056-1900


James W. Hix
1838 Willow Springs
Church Road
Social Circle, GA 30025-4620


Jason S. Bigham
409 Knight Street
Monroe, GA 30655-2750

American Honda Finance Corporation
c/o CT Corporation System, Registered Agent
350 North Saint Paul Street
Suite 2900
Dallas, TX  75201

Jennifer H. Wright
2452 Hancock Road
Social Circle, GA 30025-4629

American United Life Insurance
c/o Thomas M. Zurek, Registered Agent
One American Square
Suite 1201C
Indianapolis, IN 46206

Jessica Hillsman
420 W. Hightower Tr
Suite 114
Social Circle, GA 30025-2723

Amscan, Inc.
c/o James M. Harrison, Registered Agent
80 Grasslands Road
Emlsford, NY  10523

Joanna Lewis
543 Indian Creek Tr
Rutledge, GA 30663-2708

Baccus Termite & Pest Control, Inc.
c/o David Butler, Registered Agent
500 Great Oaks Drive
Suite 2
Monroe, GA 30655

Jonathan C. Brown
472 Bear Cub Path
Social Circle, GA 30025-3057

Barbour Publishing, Inc.
c/o Timothy Martins, Registered Agent
1810 Barbour Drive
Uhrichsville, OH  44683

Jordan M. Lightfoot
PO Box 385
Social Circle, GA 30025-0385

Betty Benedict Lyon
266 S. Cherokee Road
Social Circle, GA 30025-2835

Kathy Guiney
1960 Gasslent Road
Newborn, GA 30056

California Pacific Press
c/o Corporate Officer
1899 N. Helm Avenue
Fresno, CA 93727-1612

Kayla J. Keeffee
3020 Etchison Road
Loganville, GA 30052-3804

Camille Beckman Corporation
c/o Foad Roghani, Registered Agent
2273 Ribier Drive
Meridian, ID 83646

Kelly E. Griffin
2551 Bradley Gin Road
Monroe, GA 30656-3797

Class Act, Inc.
c/o Judy Boehm, Registered Agent
1521 Eryn Cricle
Suwanee, GA  3002

Kendra P. Duncan
342 Jones Drive
Social Circle, GA 30025-3044

Cottage Garden, Inc.
c/o Mark A. Timm, Registered Agent
7796 N Cr 100 E
Bainbridge, IN 4610
5

Kent Duncan
2000 Jersey Road
Monroe, GA 30655

DD Traders, dba DEMDACO
c/o David F. Kiersznowski, Registered
Agent
500 West 134th Street
Leawood, KS 66209

Kim D. Turner
6080 Centerhill Church Road
Loganville, GA 30052-3035

Design Design, Inc.
c/o Donald Joseph Kallil, Registered
Agent
19 La Grave Avenue
Grand Rapids, MI 49503

Kristy I. Johnson
128 Victory Drive
Monroe, GA 30655-2822

Dot Gibson Publications, Inc.
c/o Dorothy Gibson, Registered Agent
383 Bonneyman Road
Blackshear, GA 3151
6

LaToya M. Anderson
25 Fiddle Creek
Social Circle, GA 30025-5328

Evergreen Enterprises, Inc.
c/o Stella Pogue, CEO
5891 Highway 49 South
Suite 60140
Hattiesburg, MS 39402

Laurie Mote
PO Box 86
Social Circle, GA 30025-0086

Extra Point Publisher
Daily Devotions Die-Hard Fans
c/o Ed McMinn or Corporate Officer
PO Box 871
Perry, GA 31069

Leandra D. Gaither
150 Hunter's Keep
Covington, GA 30014-8435

GE Money Bank
c/o Mark Beqor, CEO
901 Main Avenue
Norwalk, CT 0685

Malinda J. McGuire
422 Hickory Drive
Social Circle, GA 30025-2918

Georgia Department of Revenue
Bankruptcy Section
P.O. Box 161108
Atlanta, GA 30321-1108

Mark A. Sommers
630 Plaza Trace
Monroe, GA 30655-1784

Georgia Department of Revenue
Taxpayer Services Division
Post Office Box 105499
Atlanta, GA 30348-5499

Marquice D. Wolfork
2641 Rockpoint Lane
Snellville, GA 30039-8092

Georgia Department of Revenue
c/o Oscar B. Fears, III, Esq.
Georgia Department of Law
40 Capital Square, SW
Atlanta, GA 30334-1300

Marquis A. Williams
1280 Wildwood Drive
Social Circle, GA 30025-4339

State of Georgia Revenue Commissioner
410 Trinity-Washington Building
Atlanta, GA  30334

Mary C. Burnette
586 W. Hightower Tr
Social Circle, GA 30025-3918

Georgia Department of Revenue
Bankruptcy Insolvency Unit
P.O. Box 3889
Atlanta, GA 30321-1108

Mary E. Smith
180 Oak Drive
PO Box 88
Social Circle, GA 30025-0088

The Hon. Sam Olens
Attorney General of Georgia
40 Capitol Square
Atlanta, GA  30334

Matthew J. Whitney
378 N. Cherokee Road
Social Circle, GA 30025-2851

Gift Box Corporation of America
c/o United States Corporation Company,
Registered Agent
2711 Centerville Road
Suite 400
Wilmington, DE  19808

Maycio M. Vining
325 Conner Court
Social Circle, GA 30025-2751

Harvest House Publishers
c/o Leonard D. Duboff, Registered Agent
6665 SW Hampton Street
Suite 200
Portland, OR  97223

Mellisa G. Reid
103 Atha Street
Monroe, GA 30655-2801

Heartfelt, Inc.
c/o Claud D. Carter, Registered Agent
10 South Jefferson Street
Suite 1400
Roanoke, VA  24038

Muzak, LLC
c/o Corporation Service Company,
Registered Agent
1703 Laurel Street
Columbia, SC  29201

Hoffman Media, LLC
c/o Phyllis Hoffman, Registered Agent
1900 International Park Drive
Suite 50
Birmingham, AL  35243

Muzak, LLC
c/o Corporation Service Company,
Registered Agent
327 Hillsborough Street
Raleigh, NC  27601

International Culinary Designs
c/o William B. Wurfbain, Owner
298 Main Street
Suite 11
Hyannis, MA  02601

Jessica Simons
20 Overlook Drive
Covington, GA 30016-8809

Joan L. Dumford
1845 Old Monroe Madison Hwy
Monroe, GA 30655-7656

Jumping Banana, LLC
c/o Abolghassem M. Mafi
3150 West Prospect Street
Suite 350
Ft. Lauderdale, FL 33309

Kelli's Gift Shop Suppliers
c/o Michael Cohen, Registered Agent
2125 Chenault Drive
Carrollton, TX  75006-5097

Leanin Tree, Inc.
c/o Timothy E. Trumble, Registered Agent
6055 Longbow Drive
Boulder, CO  80301

Legacy Press
c/o Daniel Miley, CEO
Legacy Press
PO Box 26119
San Diego, CA  92196

Mera Vic
1780 S. Buckner-Tarsney Road
Grain Valley, MO 64029-8357

Office Depot
c/o Corporate Creations Network,
Inc., Registered Agent
1922 Ingersoll Avenue
Des Moines, IA  50309

PFG Milton's, Inc.
c/o National Registered Agents, Inc.,
Registered Agent
3675 Crestwood Parkway
Suite 350
Duluth, GA  30096

Performance Food Group of Georgia,
LLC
c/o National Registered Agents, Inc.,
Registered Agent
3675 Crestwood Parkway
Suite 350
Duluth, GA  30096

Phoenix Wholesale Food Service
c/o David Collins, III, President
16 Forest Parkway
Building J
Forest Park, GA  30297

Pitney Bowes, Inc.
c/o CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY  40601

Ralph B. Hooper
1023 McDaniel Street
Monroe, GA 30655-2068

Rebecca J. Hillsman
420 W. Hightower Tr
Social Circle, GA 30025-2721

Rhonda K. Turner
6080 Centerhill Church Road
Loganville, GA 30052-3035

Perseus Distribution, Inc.
c/o CT Corporation System, Registered Agent
818 West 7th Street
Los Angeles, CA 90017

Robert F. Russell
918 Paige Court
Social Circle, GA 30025-4338

Perseus Distribution, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street
Suite 2021
Knoxville, TN  37929

Rodney J. Pitts
PO Box 511
Social Circle, GA 30025-0511

Popular
c/o Corporate Officer
661 Hadley Road
Post Office Box 836
South Plainfield, NJ 07080-0836

Sadie L. Hardge
2070 Lemonds Road, SE
Social Circle, GA 30025-3116

RAZ Imports, Inc.
c/o Bruce E. Turner, Registered Agent
3303 Lee Parkway
Dallas, TX  75219

Sarah E. Kinney
6355 Highway 20
Loganville, GA 30052-4626

Right Thought Pens, Inc.
c/o Laurence M. Papel, Registered Agent
211 Commerce
Suite 1000
Nashville, TN  37201

Sarah G. Mooney
866 Boogers Hill Road
Oxford, GA 30054-3713

SEGA Printing Services
c/o Corporate Officer
610 Canal Road
Brunswick, GA 31525-6704

Sarah L. McGahee
626 Beech Avenue
Social Circle, GA 30025-2705

Sandra Vaughn
55 Quail Valley Rd.
Social Circle, GA 30025-5313

SimplexGrinnell Limited Partnership
c/o CT Corporation System, Registered Agent
155 Federal Street
Suite 700
Boston, MA  02110

Sarah E. Sieweke
60 Anna Drive
Covington, GA 30014-8926

Sonya K. Gibbs
145 Paine Crossing Road
Social Circle, GA 30025

Farm & Home Supply, Inc.
Social Circle Ace Home Center
c/o Joel Lamar Clegg, Registed Agent
PO Box C
Social Circle, GA  30025

Sysco Atlanta, LLC
c/o Darryl S. Laddin
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA 30363-1031

Solid Rock Jewelry, Inc.
c/o Scott Alan Hahn
2924 Forest Down
Fitchburg, WI 53711

Sysco Atlanta, LLC
c/o Capitol Corporate Services, Inc.,
Registered Agent
3675 Crestwood Parkway
Suite 350
Duluth, GA  30096

Stephan Enterprises, Inc.
c/o Scott Campbell, Registered Agent
3 Pequingnot Drive
Pierceton, IN 46562

TaSonya A. Neihaus
1448 Crooked Creek Connection
Young Harris, GA 30582-2206

The Manual Woodworkers & Weavers,
Inc.
c/o Carroll Lemuel Oates, Registered
Agent
3737 Howard Gap Road
Hendersonville, NC  28792

Terrance T. McGuire
167 Marco Drive
Social Circle, GA 30025-4324

Thomas Ministry Development, a Division
of Thomas Nelson, Inc.
c/o Stuart Bitting, Registered Agent
501 Nelson Place
Nashville, TN  37214

The Walton Tribune
c/o Corporate Officer
PO Box 808
Monroe, GA  30655

Thomas Nelson Publishers, aka Thomas
Nelson, Inc.
c/o Stuart Bitting, Registered Agent
501 Nelson Place
Nashville, TN  37214

Tommy A. Ruff
506 Ronthor Road
Social Circle, GA 30025-6905

Toland Home Garden
c/o Corporate Officer
273 North Otto Street
Port Townsend, WA  98368

Toyota Motor Credit dba Toyota
Financial Service
c/o The Corporation Trust
Incorporated, Registered Agent
3521 West Camden Street
Baltimore, MD  21201

Toland Home Garden
c/o Stanley E. Toland, Registered Agent
717 North Fisher Street
Kennewick, WA 99336

SimplexGrinnell Limited Partnership
c/o The Corporation Trust Company,
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Toland Home Garden
c/o Nancy Brown Toland, Registered
Agent
6706 28th Avenue NW
Seattle, WA  98117

Two's Company, Inc.
c/o Bob and Bobbie Gottlieb, Owners
500 Saw Mill River Road
Elmsford, NY  10523

UCO
c/o Corporate Officer
1508 Jellick Avenue
Suite E
Rowland Heights, CA 91748-2057

Smith Mountain Industries dba Virginia
Candle Company
c/o W. Wilhem Rabke, Registred Agent
200 South 10th Street
Suite 1600
Richmond, BA  23218

Wellspring
c/o Corporate Officer
747 Flory Mill Road
Lancaster, PA 17601-2733

Lynn M. Hada Way
2401 Bethany Church Road
Monroe, GA 30655-5013

American Honda Finance Corporation
c/o CT Corporation System, Registered
Agent
1201 Peachtree Street
Atlanta, GA  30361

Lady Jayne Enterprises, Inc.
c/o Gregory Morse, Registered Agent
10833 Valley View Street
Suite 420
Cypress, CA  90610

Tytus R. Baynes
120 Marco Estates
Social Circle, GA 30025-4323

US Foodservice, Inc. (Delaware)
Attn: Shakinah Edwards
c/o CT Corporation, Registered Agent
1201 Peachtree Street
Atlanta, GA  30361

WESH-FM Radio (7190)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326-1394

WESH-FM Radio (7190)
c/o Corporate Officer
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326-1394

WFSH FM 104.7
c/o National Registered Agents,
Registered Agent
3675 Crestwood Parkway
Suite 350
Duluth, GA  30096

WFSH FM 104.7
Salem Media of GA
c/o of Corporate Officer
2970 Peachtree Road, NW
Suite 700
Atlanta, GA 30305-4919

William P. Bowen
840 Tower Road
Social Circle, GA 30025-2823

Yvette S. McGuire
PO Box 921
Social Circle, GA 30025-0921

Midwest-CBK, Inc.
c/o CT Corporation System, Registered
Agent
208 South LaSalle Street
Suite 814
Chicago, IL  60604

Chaple & Ward, Inc.
c/o Abra Ward, Registered Agent
1949 Lou Drive
Conyers, GA  30207

U.S. Foodservice, Inc.
c/o The Corporation Trust Company,
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

U.S. Foodservice, Inc.
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road
Suite 400
Wilmington, DE  19808

AdvanceMe, Inc.
c/o Corporate Officer
2015 Vaughn Road
Building 500
Kennesaw, GA 30144-7831

Alicia D. Buckmaster
270 Pitts Chapel Road
Newborn, GA 30056-1900
Kennesaw, GA 30144-7831

Allen-Smith Consulting, Inc.
c/o Debra B. Smith, Registered Agent
405 Nunnally Farm Road
Monroe, GA  30655

AFB&T Synovus
c/o Corporation Service Company,
Registered Agent
40 Technology Parkway South
Suite 300
Norcross, GA  30092

Bank of America Corporation
c/o The Corporation Trust Company,
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Capital One
Post Office Box 30287
Salt Lake City, UT 84130-0287

Capital One Bank (USA), N.A.
by American Infosource LP As Agent
PO Box 71083
Charlotte, NC 28272-1083

Capital One Bank (USA), N.A.
c/o Richard D. Firbank, CEO
1680 Capital One Drive
McLean, VA  22102-3491

Chase
Post Office Box 36520
Louisville, KY 40233-6520

Chase Bank USA, N.A.
c/o The Corporation Trust Company,
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Antansio K. Ross
PO Box 268
Social Circle, GA 30025-0268

The Hon. James V. Burgess, Jr.
Social Circle Mayor
Social Circle City Hall
PO Box 310
166 North Cherokee Road
Social Circle, GA  30025

Anthony D. Hunter
4176 Walnut Street
Covington, GA 30014-2724

Everhome Mortgage
c/o CT Corporation System,
Registered Agent
1200 South Pine Island Road
Plantation, FL  33324

Atlantic Pit Service, Inc.
c/o Kendall L. Todd, Jr., Registered Agent
185 Industrial Park Circle
Lawrenceville, GA  30045

Fia Card Services, NA
c/o Corporate Officer
1100 North King Street
Wilmington, DE  19884

Ballard Spahr, LLP
c/o Sumner Rosenberg, Registered Agent
999 Peachtree Street
Suite 1000
Atlanta, GA  30309

Michael J. Moore
US Attorney
Middle District of Georgia
Gateway Plaza
300 Mulberry Street
4th Floor
Macon, GA 31201

Beverly E. Finch
2251 Bradley Gin Road
Monroe, GA 30656

Sunbelt Builders
c/o Rebecca C. Wilson, Registered
Agent
10641 Highway 36
Covington, GA  30014

Beverly M. Johnson
348 Walnut Drive
Social Circle, GA 30025-3046

Sunbelt Builders, Inc.
c/o R. Phillip Shinall, III
1116 Clark Street
Covington, GA 30014-2320

Bostwick Broadcasting, Inc.
c/o Bennier R. Anderson, Sr., Registered
Agent
1081 North Cherokee Road
Social Circle, GA  30025

Toyota Motor Credit Corporation
c/o CT Corporation System,
Registered Agent
500 East Court Avenue
Des Moines, IA  50309

Brandon H. Griffin
2551 Bradley Gin Road
Monroe, GA 30656-3797

A. Christian Wilson
Simpson Law Offices, LLP
One Securities Centre
Suite 300
3490 Piedmont Road, NE
Atlanta, GA  30305

H. Tucker Dewey, Esq.
6000 Poplar Avenue
Suite 250
Memphis, TN  38119

SimplexGrinnell Limited Partnership
c/o Corporation Process Company,
Registered Agent
2180 Satellite Boulevard
Suite 400
Duluth, GA 30097

SimplexGrinnell, a Tyco Fire & Security
Company
c/o CT Corporation System, Registered
Agent
1200 South Pine Island Road
Plantation, FL 33324