**SO ORDERED.**

**SIGNED this 02 day of August, 2011.**



_____
**JAMES P. SMITH
UNITED STATES BANKRUPTCY JUDGE**
_____

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISIONS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| Blue Willow Inn Restaurant, Inc., et al., | ) | |
| | ) | Case Nos. 10-31267, 10-31269, 10-31270 |
| Debtors | ) | and 10-31266 |
| | ) | |
| | ) | (Jointly Administered Under |
| | ) | Case No. <u>10-31267</u>) |
| _____ | ) | |

**CONSENT ORDER AND NOTICE PARTIALLY RESOLVING
AND CONTINUING HEARING ON MOVANT WELLS FARGO
BANK, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

On June 28, 2011, Wells Fargo Bank, N.A. (the "Bank") filed its Motion For Relief From The Automatic Stay (the "Motion"). As presented by counsel for all debtors (the "Debtors") in this jointly administered case and by counsel for the Bank, the parties (the "Parties") hereby jointly stipulate and agree as follows:

## BACKGROUND

1. On or about June 6, 2011, Blue Willow Inn Restaurant, Inc., Blue Willow Gift Shop, Inc., Blue Willow Village Inn, Inc., Billy R. Van Dyke and E. Louis Van Dyke (now deceased) (collectively herein, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. The cases are being jointly administered pursuant to Bankruptcy Rule 1015.

3. The Debtors have continued in possession of their property and acting as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. In its Motion, the Bank has asserted a claim against the Debtors' bankruptcy estates in an amount not less than $2.89mm, plus applicable interest, fees and penalties as applicable (and continuing to accrue) (the "Claim").

## TERMS OF AGREEMENT

7. The Debtors concur with the Bank that the property known as Magnolia Hall (being approximately 1.2822 acres), in which the Bank holds a first security deed, as more fully set forth in the Debtors' Motion for Relief from Stay, is property in which the Debtors have no equity and which is not necessary for Debtors' reorganization efforts. Accordingly, the automatic stay is modified and the Bank shall be permitted to advertise during the month of August 2011 for the sale of such property by foreclosure on the first Tuesday in September and to foreclose upon and confirm such foreclosing pursuant to O.C.G.A. § 44-14-161; provided,

further, that the Bank shall bid not less than $475,000 for the property, which Debtors concur is its current fair market value.

8. Any party objecting to the sale of the Magnolia Hall property as set forth above shall have twenty-one days from the date this order is entered within which to file an objection, which will then be set for hearing on or before August 31, 2011.

9. Other than as provided above, the automatic stay shall remain in place; provided, further, hearing on the Bank's Motion shall be continued until the hearing on confirmation of the Debtors' plan.

10. The foregoing notwithstanding, the Bank shall be entitled to move the Court for an earlier setting on its continued Motion should: (i) the Debtors fail to make the adequate protection payments of $10,000 due August 15, 2011 and September 15, 2011; (ii) the Debtors fail to maintain in force all insurance required under all loan documents related to the Bank's security; (iii) the Debtors fail to timely pay all postpetition trust fund, sales and other taxes; (iv) the restaurant known as the Blue Willow Inn fails to continue to operate seven days a week, maintaining the same business hours as at the commencement of this case; or (v) any event shall occur which actually or potentially adversely impacts the Bank's security. If the Bank believes that a circumstance exists which invokes its rights under the foregoing item (v), it shall provide the Debtors' undersigned counsel with written notice thereof, email notice being sufficient. The Debtors shall have ten (10) days, or such longer period as the parties may agree, to rectify the circumstance.

11. The parties further agree that, absent further order of the Court, the Bank shall have relief from the automatic stay and shall be entitled to advertise for sale and foreclose upon,

and confirm such foreclosures pursuant to O.C.G.A. § 44-14-161, as to any and all security in any of the following events:

    (a)    the Debtors shall fail to file a plan and disclosure statement by July 31, 2011; or

    (b)    the Debtors shall not have secured approval of a disclosure statement on or before October 15, 2011; or

    (c)    the Debtors shall fail to obtain approval of a plan on or before November 22, 2011.

12.    The Bank shall promptly serve this order on those entitled to notice.

13.    **YOUR RIGHTS MAY BE AFFECTED**.  YOU SHOULD READ THE MOTION AND THIS ORDER AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)  IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, AS MODIFIED BY THIS ORDER, THEN YOU AND/OR YOUR ATTORNEY SHOULD FILE A WRITTEN OBJECTION.  THE OBJECTION OR RESPONSE SHOULD BE SENT TO THE CLERK OF COURT, U.S. BANKRUPTCY COURT, MIDDLE DISTRICT OF GEORGIA, P.O. BOX 1957, MACON, GEORGIA 31202.  IF AN OBJECTION IS FILED, A HEARING ON THE OBJECTION SHALL BE HELD ON OR BEFORE AUGUST 31, 2011.  IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF CONTAINED HEREIN AND MAY GRANT THE RELIEF SOUGHT WITHOUT FURTHER NOTICE OR HEARING.

If any party in interest shall have an objection to any of the provisions of this Order, such party shall assert such objection in writing on or before twenty-one days from the date of entry of

this Order and shall serve copies of said objection upon counsel for the Debtors: Martha A. Miller, Martha A. Miller, P.C., 2415 International Tower, 229 Peachtree Street, NE, Atlanta, Georgia 30303; counsel for Wells Fargo: E. Penn Nicholson and Gwendolyn J. Godfrey, Bryan Cave, LLP, 1201 West Peachtree Street, Fourteenth Floor, Atlanta, Georgia 30309; and counsel for the United States Trustee: Robert G. Fenimore and Elizabeth A. Hardy, Office of United States Trustee, 440 Martin Luther King, Jr. Blvd., Suite 302, Macon, Georgia 31201.

[END OF DOCUMENT]


Prepared, Presented, and consented to by:


/s/ Martha A. Miller (with express permission by G. Godfrey)
Martha A. Miller
Georgia Bar No. 507950
Martha A. Miller, P.C.
Counsel for Debtors
2415 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 607-9008
(404) 607-9068 (facsimile)
mmiller@rbspg.com



/s/ Gwendolyn J. Godfrey
E. Penn Nicholson (Georgia Bar No. 543400)
penn.nicholson@bryancave.com
Gwendolyn J. Godfrey (Georgia Bar No. 153004)
gwendolyn.godfrey@bryancave.com
BRYAN CAVE LLP
One Atlantic Center – 14th Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

Counsel to Wells Fargo Bank, N.A.